1 So.2d 311

## GOINS v. STATE.

### 4 Div. 612.

Court of Appeals of Alabama.

Jan. 21, 1941.

Rehearing Denied Feb. 18, 1941.

W. R. Belcher, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the county court, and from a judgment of conviction in said court the defendant took an appeal to the circuit court.

In the circuit court the trial was had upon a complaint filed by the circuit solicitor, said complaint being in words and figures as follows:

"State of Alabama, ⎫ Circuit Court, Spring
"Russell County ⎬ Term 1940, at Phe-
⎭ nix City, Ala.

"On Appeal from the County Court of Said County at Phenix City.

"The State of Alabama, by its Solicitor, complains of Lee Goins that within twelve months prior to the commencement of this prosecution and since March 17, 1937, did illegally possess, sell, offer for sale, give, barter, exchange, deliver, carry or ship alcoholic beverages, contrary to law.

"Against the peace and dignity of the State of Alabama.

"Signed)    Geo. W. Andrews, Jr.,
"Solicitor of the Third Judicial Circuit."

In answer to the foregoing complaint the defendant interposed his plea of not guilty. No objection to the complaint, by demurrer, motion or otherwise, was made, therefore the insistence and argument of appellant's counsel made in this court for the first time, to the effect of a departure from the original complaint in the lower court may not be considered. We will state, however, if this question had been properly presented for consideration, it would have been wholly without merit. Section 4644, Code 1923.

The question of the sufficiency of the evidence to support the verdict of the jury was not raised in any manner upon the main trial. No special charges were requested, nor was there a motion to exclude the evidence. As before stated, however, had this been properly done, there was no phase of this case which would have entitled the defendant to a directed verdict, or which would have warranted or justified the trial court to grant such motion.

The oral charge of the court, if one was delivered, does not appear in this record; in the absence of which, if any special written charge had been requested and refused, the action of the court thereon could not be here considered on appeal.

54

As we see it, the only attempt, by appellant, to show error is confined to the purported motion for a new trial.

Section 6088 of the Code 1923, provides: "Whenever a motion for a new trial shall be granted or refused by the circuit court or probate court, in any civil or criminal case at law, either party in a civil case, or the defendant in a criminal case may except to the decision of the court and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion and the decision of the court shall be included in the bill of exceptions."

It appears no attempt whatever was made by appellant to comply with the above-quoted portion of said section. As a result of such noncompliance, no question is presented for consideration.

The principal function of a motion for a new trial is to set up some error of law in the trial of the main case. No insistence of error in any ruling of the court upon the main trial is presented or appears in the record. The several purported grounds upon which the motion for a new trial is based, are untenable from what has been said, and the trial court may not be put to error in the absence of any ruling of the court infected with injurious error.

On this appeal no matter or question is presented which would justify or warrant this court in reversing the judgment of conviction from which this appeal was taken. Said judgment will stand affirmed.

Affirmed.